## No. 409
## FRANK v. FIRST NATIONAL BANK
No. 19754. Supreme Court

On motion to certify. Dock. April 5, 1926.

544. FORECLOSURE—Is an action for judgment on a note and foreclosure of a mortgage securing the same an equitable proceeding, or is it an action at law and triable before a jury?

This action was brought originally in the Franklin Common Pleas by the First National Bank of Washington, N. C., against Fannie Frank and Samuel Frank, on three promissory notes and for foreclosure of a mortgage securing them.

Fannie Frank filed an answer setting up several defenses, including failure of consideration, fraud, duress, etc., and a cross petition asking for affirmative relief in the cancelling and surrendering of the notes and mortgage.

The Common Pleas denied the defendant a jury trial on the ground that it was an equitable case and not an action at law and rendered judgment on the notes and decreed foreclosure.

This judgment was appealed and the Appeals sustained a motion filed by the Bank to dismiss the appeal as far as the judgment on the notes was concerned, on the ground that it was an action at law and therefore not appealable.

Frank in the Supreme Court, contends:

1. That the judgment of the Appeals was erroneous and contrary to law and bases her contention on 100 OS. 481; 82 OS. 34-41; 108 OS. 314; and Stevens et v. Peck et., Ohio Appeals, First District, Hamilton County, Numbers 2327, 2328 and 2329, appearing in 2 Abs. 778.

Attorneys—Benjamin F. Levinson and D. B. Ulrey, Columbus, for Frank; C. E. Blanchard, Columbus, for Bank.

## No. 410
## MELBOURNE CONSTR. CO. v. LANDIS et
No. 19672. Supreme Court

On motion to certify. Dock. March 9, 1926;.

829. NEGLIGENCE—Is the violation of a penal statute by a construction company which was the proximate cause of an injury to one not in its employ such negligence as will permit recovery in damages?

Paul H. Landis by Anna Clemens, his next friend brought this action originally in the Stark County Common Pleas against The Melbourne Construction Company and the Stern and Mann Company for damages for personal injury sustained while working upon the Stern & Mann Building.

The Stern & Mann Company were the lessees of the building and the Melbourne Construction Company had a contract for the construction of the major portion of the building and such contract was with the Stern & Mann

Company. Several contracts, however, were let direct by The Stern & Mann Company and not through the medium of The Melbourne Construction Company. One of the contracts which the Stern & Mann Company let directly and independently was with The A. C. Eynon Plumbing Company, the latter company as the name indicates, having the contract for the installation of the plumbing work. Landis at the time of his injury was an employee of this latter company, The A. C. Eynon Plumbing Company.

The action was predicated upon 12576 GC., which reads as follows:

"Whoever, being the owner, lessee, architect or contractor engaged in and having supervision or charge of the building, erection or construction of a building neglects or refuses to place or have placed upon the joists of each story thereof, as soon as joists are in position, counter floors to render perfectly safe the going to and from thereon of all mechanics, etc., shall be fined."

The judgment of the Common Pleas against the Melbourne Construction Company for fifteen thousand dollars ($15,000.00) was affirmed by the appeals.

The Construction Company, in the Supreme Court contends:

1. The courts in interpretation of statutory law effecting common law rules, have held to the sound rule of limited construction and restricted application.

2. That statute was intended to impose a liability upon him who controlled an injured employee and who could control the manner in which and the place where the employee was working at the time of his injury and that the words "having supervision or charge" clearly show this to have been the intention of the legislature.

3. That the penal nature of this statute makes it necessary that the statute be construed as a penal statute even though in this case application of it is sought as a basis of civil liability.

4. That at the time the statute was passed (1902) a different type of construction was used and therefore the statute is not applicable.

Attorneys—McCarty, Armstrong, Burt & Kinnison, Canton, for Construction Company; Amerman & Mills Canton, for Defendant.